

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2008

# Gonzales v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2901

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gonzales v. Comm of PA" (2008). *2008 Decisions.* Paper 981.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/981

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––

No. 07-2901

––––––

STEVEN GONZALES; SONIA PACHEO,


_____Appellees,


v.


COMMONWEALTH OF PENNSYLVANIA; COUNTY OF LEHIGH,
PENNSYLVANIA; EDWARD SWEENEY, in his official capacity as Director of
Corrections for Lehigh County, Pennsylvania; DALE A. MEISEL, individually and in his
official capacity as Warden of Lehigh County Prison;
TIMOTHY CARVER, individually and in his official capacity as Warden of the
Lehigh County Community Corrections Center,

COMMONWEALTH OF PENNSYLVANIA,
                                                    Appellant.

––––––

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 06-cv-5471)
The Honorable Thomas M. Golden, District Judge

––––––

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2008

Before: McKEE and GARTH, *Circuit Judges*, and RODRIGUEZ, *District Judge*[*]

––––––

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the United States District
Court, District of New Jersey, sitting by designation.

OPINION OF THE COURT

RODRIGUEZ, *District Judge*

This is an interlocutory appeal from a June 6, 2007 denial of the Commonwealth of Pennsylvania's motion to dismiss Count I of the Appellees' Complaint based on judicial immunity. Jurisdiction is asserted under the collateral order doctrine. This Court has plenary review over the refusal to grant a motion to dismiss for failure to state a claim. *Merle v. United States*, 351 F.3d 92, 94 (3d Cir. 2003).

I

Appellees Steven Gonzales and Sonia Pacheo are deaf. On December 16, 2004, a Lehigh County police officer arrested Steven Gonzales at his place of work pursuant to bench warrants for unpaid parking tickets. Gonzales was taken to the office of Pennsylvania Magisterial District Justice Michele Varricchio, the presiding judicial officer of Pennsylvania Magisterial District Court 31-1-03 in Lehigh County. Sonia Pacheo, Gonzales's mother, followed Gonzales to the court, where the Lehigh County Sheriff demanded that she surrender her driver's license. It was then discovered that she also had outstanding parking tickets. As a result, bench warrants were issued against her.

Justice Varricchio ordered Gonzales and Pacheo to proceed with a hearing after refusing their requests for a qualified sign language interpreter. Even though a qualified

interpreter was available, Justice Varricchio ordered Gonzales's brother Harley Gonzales to interpret. It is not disputed that he is familiar with sign language. The Complaint asserts that neither Gonzales nor Pacheo were advised of their rights to remain silent, to obtain an attorney, or to have an attorney appointed if they could not afford one. Justice Varricchio then allegedly elicited incriminating statements from Gonzales and Pacheo concerning the parking tickets, and ordered them detained at the Lehigh County prison until the tickets were paid.

Appellees were taken to the Lehigh County prison and forced to read and sign documents without having them explained by a qualified interpreter. They were not made aware of the prison policies and accommodations for the deaf, including access to a teletypewriter ("TTY") telephone.

Pacheo spent twenty four hours in the Lehigh County prison and was not released until a relative was able to arrange for payment of her parking tickets. Gonzales spent a week in the Lehigh County prison during which time he was refused a written request for the use of a TTY telephone and was harassed for being deaf by prison employees and inmates. Further, prison employees ignored, for several days, his requests for medical attention for asthma and a problem with his right foot. Finally, Gonzales' wife and mother were turned away by prison personnel when they attempted to visit him because he was unaware that he had to submit a visitor list.

After seven days at Lehigh County prison, Gonzales was again taken before Justice

Varricchio, and this time was granted a qualified interpreter. He alleges that his request to speak with legal counsel was denied. He was transferred from the Lehigh County prison to a work release program at the Lehigh County corrections center. At the corrections center, Gonzales was given limited access to a TTY phone in the evenings, but was unable to contact prospective employers during business hours and thus was unable to benefit from the work release program. Gonzales was released from the corrections center after approximately forty five days.

II

In Count I of their Complaint, Gonzales and Pacheo seek damages against the Commonwealth of Pennsylvania[1] for failure to provide reasonable accommodations as required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794. As against the Commonwealth, Plaintiffs contend that the failure to train and supervise the judicial officers in the Commonwealth's Unified Judicial System and/or magisterial court system concerning the provision of reasonable accommodations to individuals qualifying as disabled under the ADA and the RA deprived them of an opportunity to exercise their constitutional rights.

The Commonwealth moved to dismiss Count I of the Complaint, because the *Rooker-Feldman* Doctrine applied to divest the court of jurisdiction, and judicial

---

[1]Also sued, under the ADA, RA, and 42 U.S.C. § 1983, were Lehigh County, the Director of Corrections for Lehigh County, the Warden of Lehigh County Prison, and the Warden of Lehigh County Community Corrections Center. Justice Varricchio was not named as a defendant.

4

immunity applied to insulate the actions of Magisterial District Justice Varricchio. The Commonwealth also asserts that the Eleventh Amendment provides it with immunity from a claim of failure to train, or for denial of access to courts, under 42 U.S.C. § 1983. Appellees maintain, however, that their claim against the Commonwealth was brought under the ADA, 42 U.S.C. § 12131, for failure to provide adequate accommodations to the disabled participating in or exposed to government action, not 42 U.S.C. § 1983.

The District Court found that the *Rooker-Feldman* Doctrine was inapplicable to the claim that Appellees were deprived of reasonable accommodations due to the failure to train judicial officers and that the issue of judicial immunity was not implicated because the District Justice was not a party. It also explained that the Supreme Court of the United States determined that Congress unequivocally expressed its intent to abrogate the states' sovereign immunity to claims under Title II of the ADA in *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004) and *United States v. Georgia*, 546 U.S. 151 (2006).

The Commonwealth appealed, arguing that it could not be sued under the ADA for failure to train a judicial officer performing discretionary judicial acts in judicial proceedings because <u>if</u> the judge was sued in her official capacity, she would be afforded absolute immunity. The Commonwealth argued three issues before the District Court: (1) the *Rooker-Feldman* Doctrine; (2) sovereign immunity; and (3) declaratory relief. The Commonwealth only raises the second issue – sovereign immunity – on appeal. As to this issue, we have appellate jurisdiction under the collateral order doctrine. *P.R. Aqueduct &*

5

*Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). We lack jurisdiction under the collateral order doctrine to review the remaining two issues. *See Bryant v. Sylvester*, 57 F.3d 308, 312-16 (3d Cir. 1995). Further, the Commonwealth contends that this Court has not recognized a cause of action under the ADA for failure to train judicial officers.

## III

In our review of a District Court's ruling, we apply the same standard of review as the District Court. *See MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005). To withstand a motion to dismiss, the plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).

After an independent examination of the record, we are satisfied that the District Court's judgment should be affirmed. Sovereign immunity is the only issue presented in this appeal, and it is the only issue over which we have jurisdiction. Inasmuch as we hold that the District Court did not err in denying the Commonwealth's motion to dismiss on the grounds of sovereign immunity, we will affirm the District Court.[2] The order denying the Commonwealth's motion to dismiss on judicial immunity grounds therefore will be

---

[2]Justice Varricchio's refusal to provide an interpreter, in performance of her "judicial function," is not at issue because she has not been named as a Defendant.

affirmed.